**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000448
15-JUN-2018
08:15 AM**

NO. CAAP-17-0000448

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CHANG Y. AIONA, V, Plaintiff-Appellant, v.
COUNTY OF HAWAII; JOHN A. MEDEIROS, individually and
official capacity; DOE PERSONS 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10,
AND ROE GOVERNMENTAL ENTITIES 1-10, Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE THIRD IRCUIT
(CIVIL NO. 16-1-342K)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Chan, JJ.)

Plaintiff-Appellant Chang Y. Aiona, V (**Aiona**), appeals

from the May 8, 2017 Final Judgment (**Judgment**), in favor of

Defendant-Appellee County of Hawai'i (**County**) and John A.

Medeiros (**Medeiros**), individually and in his official capacity

(collectively, **Defendants**), and against Aiona on all claims,

entered by the Circuit Court of the Third Circuit (**Circuit**

**Court**).[1] Aiona also challenges the Circuit Court's March 16,

2017 Order Dismissing With Prejudice All Claims Contained in

[Aiona's] Complaint (**Order of Dismissal**).

---

[1] The Honorable Melvin H. Fujino presided.

Aiona raises one point of error on appeal, contending that the Circuit Court erred in concluding that Aiona's claims were barred by the Workers' Compensation Law (WCL).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Aiona's point of error as follows:

The Complaint was filed on October 21, 2016, alleging four causes of action against all defendants: defamation "per se," defamation "per quod," false light, and intentional infliction of emotional distress (IIED). On December 5, 2016, Defendants filed a motion to dismiss, arguing that Aiona's claims all arise out of and in the course of his employment with the County and, therefore, the WCL, as set forth in Hawaii Revised Statutes (HRS) chapter 386, bars adjudication of Aiona's claims against the County. Defendants further argued that claims against Medeiros in his official capacity must be dismissed because they are "merely duplicative" of those against the County. Although the motion prayed for dismissal of the entire action with prejudice, Defendants made no argument concerning dismissal of the claims against Medeiros in his individual capacity.

At a February 15, 2017 hearing on the motion, after argument of counsel, the Circuit Court announced its ruling that "the court would find under the unitary test that [Aiona's] claims involve exclusivity in plaintiff's employment and injury"

2

and "the court will find under the Hawaii Workers' Compensation Law that since there's a nexus, . . . under 12(b)(6) that this matter should be addressed in the Hawaii Workers' Comp Law [and] the court will grant the motion to dismiss." Aiona's counsel asked for clarification, specifically, whether "the court is also dismissing Mr. Medeiros in his personal capacity; is that correct?" The court responded, "[t]hat's correct." The Order of Dismissal dismissed with prejudice all claims against all parties and the Judgment was entered accordingly.

On appeal, Aiona argues that the Circuit Court erred in dismissing the Complaint in its entirety on the grounds that all claims were barred by the WCL. In light of the supreme court's recent decision in Nakamoto v. Kawauchi, SCWC-13-0004947, 2018 WL 2111228 (Haw. May 8, 2018), we agree. Therein, the supreme court held that the torts of defamation and false light are beyond the ambit of the WCL's exclusivity provision and overruled this court's decision in Yang v. Abercrombie & Fitch Stores, 128 Hawai'i 173, 284 P.3d 946 (App. 2012), to the extent it held otherwise. Id. at *8. The supreme court's decision rests on its analysis and conclusion that defamation and false light claims are not "personal injuries" and therefore are not barred by the WCL exclusivity provision. Id. at *8-13. Therefore, the Circuit Court erred in dismissing Counts I, II, and III of Aiona's Complaint.

With respect to Count IV, alleging IIED, the starting point in determining whether the WCL exclusivity provision bars this claim is to determine the legislative intent from the

language of the statute itself, reading it in the context of the entire statute and consistent with its purpose. <u>Lingle v. Haw. Gov't Emps. Ass'n AFSCME Local 152, AFL-CIO</u>, 107 Hawai'i 178, 183, 111 P.3d 587, 592 (2005). The exclusive remedy provision of the WCL, HRS § 386-5 (2015), provides:

> **Exclusiveness of right to compensation; exception.**
> The rights and remedies herein granted to an employee or the employee's dependents on account of a work injury suffered by the employee shall exclude all other liability of the employer to the employee, the employee's legal representative, spouse, dependents, next of kin, or anyone else entitled to recover damages from the employer, at common law or otherwise, on account of the injury, except for sexual harassment or sexual assault and infliction of emotional distress or invasion of privacy related thereto, in which case a civil action may also be brought.

Under this provision, the workers' compensation benefits provided to an employee on account of a work injury "shall exclude all other liability of the employer to the employee . . ." on account of that injury. <u>Id.</u> Specific exceptions were later carved out by the Legislature: sexual harassment or sexual assault - *not* harassment or assault in general; infliction of emotional distress related to sexual assault or sexual harassment - *not* just any infliction of emotional distress; invasion of privacy related to sexual assault or sexual harassment - *not* invasion of privacy generally. <u>See</u> <u>Nelson v. Univ. of Haw.</u>, 97 Hawai'i 376, 394-95, 38 P.3d 95, 113-14 (2001) (discussing that the purpose of the 1992 amendments to exclusivity provision was to *enable* employees to file suits based on sexual harassment or sexual assault arising out of and in the course of employment).

HRS § 386-1 (2015) defines "work injury" as a "personal injury suffered under the conditions specified in section 386-3."

HRS § 386-3(a) (2015) describes the nature of the injuries that are compensable:

> **Injuries covered.** (a) If an employee suffers personal injury either by accident arising out of and in the course of the employment or by disease proximately caused by or resulting from the nature of the employment, the employee's employer or the special compensation fund shall pay compensation to the employee or the employee's dependents as provided in this chapter.
>
> **Accident arising out of and in the course of the employment includes the wilful act of a third person directed against an employee because of the employee's employment.**

(Emphasis added). As discussed above, in Nakamoto, the supreme court held that reputational harms caused by defamation or false light are not personal injuries.

HRS § 386-8 (Supp. 2017), which covers the liability of a third person for a compensable work injury, provides, in relevant part:

> **Liability of third person.** (a) When a work injury for which compensation is payable under this chapter has been sustained under circumstances creating in some person other than the employer or another employee of the employer acting in the course of employment a legal liability to pay damages on account thereof, the injured employee or the injured employee's dependents . . . may claim compensation under this chapter and recover damages from that third person.
>
>       . . . .
>
> (k) **Another employee of the same employer shall not be relieved of that employee's liability as a third party, if the personal injury is caused by that employee's wilful and wanton misconduct.**

(Emphasis added).

In Zemis v. SCI Contractors, Inc., 80 Hawai'i 442, 911 P.2d 77 (1996), an employee was physically assaulted and seriously injured by a fellow employee at their place of employment during the work day. Id. at 444, 911 P.2d at 79. The supreme court held that the claimant's injuries were not compensable under the WCL because the assault was related to an automobile accident involving the claimant and his co-employee's

wife and did not arise out of and in the course of employment. Id. The court began its discussion with the well-settled principle that:

> For an injury to be compensable under a workers' compensation statute, there must be a requisite nexus between the employment and the injury. The nexus requirement is articulated in Hawai'i, as in the majority of jurisdictions, on the basis that, to be compensable, an injury must arise out of and in the course of employment.

Id. at 445, 911 P.3d at 80 (citations and brackets omitted).

The supreme court analyzed the circumstances under which a willful act, in that case an assault, is covered by the WCL:

> Under HRS § 386-3, where an employee is injured by the wilful act of a third person, a causal connection between the employment and the resulting injury may be found if the wilful act of the third person was directed against the employee *because of the employee's employment.* See 1 A. Larson, The Law of Workmen's Compensation § 11.00, at 3-178 (1995) ("Assaults arise out of the employment either if the risk of assault is increased because of the nature or setting of the work, or if the reason for the assault was a quarrel having its origin in the work. . . .").

Id. at 446, 911 P.2d at 81 (internal quotation marks, brackets, & some parenthetical material omitted).

After analyzing the facts before the court, the supreme court repeated and further explained the circumstances under which an intentional act, such as an assault, is covered by the WCL:

> [U]nder HRS § 386-3, where an employee is intentionally assaulted on the job site by a third person, the resulting injury is not causally connected to the employment unless the assault itself was "directed against the employee because of the employee's employment." A personally motivated assault of an employee by a third person may be considered as having occurred "because of the employee's employment," if the animosity or dispute which culminated in the assault was "exacerbated by the employment."

Id. at 447, 911 P.2d at 82 (citation omitted).

In <u>Iddings v. Mee-Lee</u>, 82 Hawai'i 1, 919 P.2d 263 (1996), the supreme court dealt with the scope and requirements of the wilful and wanton misconduct exception to co-employee immunity under the WCL. In doing so, the supreme court drew a sharp distinction between the broad immunity granted to employers by HRS § 386-5, and the more limited immunity granted to co-employees by HRS § 386-8, which permits civil suits against co-employees who have caused a personal injury by wilful and wanton misconduct. <u>Id.</u> at 15, 919 P.2d at 277. The supreme court rejected the argument that a supervisory employee should be treated as an "employer" for the purpose of determining whether he or she could be sued for wilful and wanton misconduct. <u>Id.</u>

The plain language of HRS § 386-5, and the harmonious reading of the WCL as a whole, mandates the conclusion that the workers' compensation remedies available to Aiona exclude all other liabilities of the County to Aiona on account of the personal injuries he allegedly suffered arising out of and in the course of his employment. As the supreme court discussed in <u>Iddings</u>, HRS § 386-8 clearly limits the immunity provided to a co-employee who has caused an injury by wilful and wanton misconduct, which includes intentional and reckless acts.

Iddings, 82 Hawai'i at 12, 919 P.2d at 274.[2]  Neither HRS § 386-5 nor HRS § 386-8 include any such limitation for the immunity provided to the employer.  Nor do these provisions allow suit against the employer for the alleged willful and wanton misconduct of a complainant's fellow employee.

In amending HRS § 386-5 in 1992, the Legislature created an exception for sexual harassment, which would have been wholly unnecessary if the broader tort of harassment was excluded because it falls within the category of intentional torts.  The same is true of the exceptions created for IIED related to sexual harassment or sexual assault.  An exception for a subset of IIED claims would have been wholly unnecessary if IIED were generally excluded.  IIED claims are generally recognized as personal injury claims.  See, e.g., Nakamoto, 2018 WL 2111228, at *9 (recognizing both mental and physical injuries as personal injuries).  Accordingly, we conclude that the exclusivity provision in HRS § 386-5 bars Aiona's suit against the County, as well as against Medeiros in his official capacity, for alleged IIED injuries suffered because of his employment.  However, as a co-employee, Medeiros, in his individual capacity, may be

---

[2]    The supreme court held, *inter alia*, that:

> the term "wilful and wanton misconduct," as used in HRS § 386-8, includes conduct that is either: (1) motivated by an actual intent to cause injury; or (2) committed in circumstances indicating that the injuring employee (a) has knowledge of the peril to be apprehended, (b) has knowledge that the injury is a probable, as opposed to a possible, result of the danger, and (c) consciously fails to avoid the peril.

Iddings, 82 Hawai'i at 12, 919 P.2d at 274.

considered a "third person" as that term is used in HRS § 386-3(a). Therefore, in light of the allegations stated in Count IV of the Complaint, we conclude that the Circuit Court erred in concluding as a matter of law that Aiona's claims against Medeiros, in his individual capacity, failed to state a claim upon which relief can be granted.

For these reasons, the Circuit Court's Judgment and Order of Dismissal are affirmed in part, as to the dismissal of Count IV against the County and Medeiros in his official capacity, and vacated in part, as to the dismissal of Counts I-III and Count IV with respect to the claim against Medeiros in his individual capacity. This case is remanded to the Circuit Court for further proceedings.

DATED: Honolulu, Hawai'i, June 15, 2018.

On the briefs:

Ted H.S. Hong,
for Plaintiff-Appellant.

Lerisa L. Heroldt,
D. Kaena Horowitz,
Deputies Corporation Counsel,
County of Hawai'i,
for Defendants-Appellees.

Presiding Judge

Associate Judge

Associate Judge